**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ellis Eugene Pittman,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-14-1665-PHX-GMS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

　　　　Petitioner Ellis Eugene Pittman, who is confined in an Arizona State Prison, has filed a *pro se* Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 13.) In 2012, Petitioner was in custody on state charges, and subsequently writ (but not released) to federal custody in Kentucky. Petitioner was sentenced in his federal case, and returned to Arizona. Petitioner was then sentenced in Arizona, with an order that his state sentence be served concurrently with his federal sentence. The trial court ordered Petitioner's transfer to federal custody, but that order was not enforced and Petitioner remains in state custody. Petitioner is now essentially serving a consecutive sentence. The trial court's failure to rule on Petitioner's subsequent motion that he be transferred to federal custody is a violation of federal law, which requires that state courts enforce their contractual plea obligations. The Court recommends Petitioner's and Respondents' request on Ground One be granted.

## I. Procedural Background

### A. Trial Court Proceedings

On November 21, 2012, the State of Arizona indicted Petitioner for two counts of aggravated assault. (Doc. 17-1, Ex. B, at 6.) On November 1, 2012, a grand jury in the Eastern District of Kentucky indicted Petitioner on two counts of Possession with Intent to Distribute Controlled Substances. (Doc. 17-1, Ex. C, at 9.) On January 17, 2013, the United States District Court for the Eastern District of Kentucky issued a writ of habeas corpus *ad prosequendum* ordering Petitioner to be brought to Kentucky to face federal prosecution. (Doc. 17-1, Ex. D, at 13.) On September 9, 2013, Petitioner pleaded guilty in district court to Attempted Possession with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Offense. (Doc. 17-1, Ex. E, at 16.) On September 10, 2013, the district court sentenced Petitioner, in 12 CR 20-DLB-2, to 215 days of time served for the attempted distribution count and to a consecutive term of 60 months' imprisonment for the firearms count. (Doc. 17-1, Ex. F, at 24.)

Petitioner was transferred back to Arizona, and subsequently pleaded guilty on January 15, 2014, to one count of Aggravated Assault. (Doc. 17-1, Ex. G, at 31.) The plea stipulated that Petitioner's sentence run concurrently with his Eastern District of Kentucky sentence. (*Id.*) On February 20, 2014, the court sentenced Petitioner to six years of imprisonment with 505 days credit for time served. (Doc. 17-1, Ex. I, at 2.) Petitioner's order of confinement required that his state sentence would be "concurrent" with his federal sentence and that he was "to be housed in federal custody." (Doc. 17-1, Ex. H, at 35.)

Petitioner was not transferred to federal custody and remains in the custody of the Arizona Department of Corrections.

### B. Post-Conviction Proceedings

Petitioner filed motions in the trial court requesting the court order his transport to federal custody. (Doc. 17-1, Exs. J and K, at 43-48.) The court declined to take action on the motions due to a problem with service. (Doc. 17-1, Ex. L, at 49.) On August 4, 2014,

Petitioner filed a motion in the trial court requesting he be transferred to federal custody. (Doc. 17-1, Ex. M, at 51.) That motion was not ruled upon. (Doc. 17-1, Ex. R, at 82.)

On April 15, 2014, Petitioner filed a "Petition for Order Shortening Time" in the District Court for the Eastern District of Kentucky. (Doc. 17-2, Ex. N, at 62.) The court denied Petitioner's request because Petitioner had not commenced his federal sentence. (Doc. 17-1, Ex. P, at 71-72.)

### C. Federal Habeas Proceedings

Petitioner filed a Petition for a writ of habeas corpus. (Doc. 1.) He later received leave to amend his petition. (Doc. 3, 5.) On April 30, 2015, Petitioner filed the present Second Amended Petition for Writ of Habeas Corpus. (Doc. 13.)

In Ground One, Petitioner alleges the "Maricopa County Superior Court . . . violated Petitioner's constitutional rights" when it failed to ensure Petitioner's transfer to federal custody. (Doc. 13 at 6.) In Ground Two, Petitioner alleges ineffective assistance of counsel when his attorney failed to ensure that Petitioner would be immediately transferred to federal custody to begin serving his concurrent sentences. (*Id.*)

## II. Exhaustion and Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

Here, Respondents, to their credit, "waive and will not assert the affirmative defense of procedural default." (Doc. 17 at 4.) Respondents have the right to waive this requirement. *See* 28 U.S.C. § 2254(b)(2) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the

State, through counsel, expressly waives the requirement.").

### III.  Merits Review

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] 28 U.S.C. § 2244. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2254(d)(1), "clearly established Federal law" refers to holdings of the Supreme Court in effect at the time the state court rendered its decision. *Greene v. Fisher*, 132 S.Ct. 38, 44 (2011); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) ("A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court."). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529

---

[1] The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

U.S. 362, 405-06 (2000).

"For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 131 S. Ct. at 785 (*quoting Williams*, 529 U.S. at 410). A state court decision involves an "unreasonable application of" federal law if the court identifies the correct legal rule, but applies that rule to the facts of a particular case in an objectively unreasonable manner. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786-87.

### A.     Ground One – Failure of Court to Enforce Petitioner's Agreement

In Ground One, Petitioner alleges the "Maricopa County Superior Court . . . violated Petitioner's constitutional rights" when it failed to ensure Petitioner's transfer to federal custody. (Doc. 13 at 6.) The Court agrees.

Petitioner's state agreement required that his state sentence be served concurrently with his federal sentence. The trial court imposed a concurrent sentence and ordered Petitioner be transferred to federal custody.  Petitioner has not, however, been transported to federal custody. Instead, Petitioner remains in state custody and is serving a *de facto* consecutive sentence because his federal sentence does not begin until he is transferred to federal custody. The production of a defendant in state custody to federal court pursuant to a writ of habeas corpus *ad prosequendum* does not constitute the commencement of a sentence under federal law. *Taylor v. Reno*, 164 F.3d 440, 444–45 (9th Cir. 1998). Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner upon satisfaction of the state term. *Taylor*, 164 F.3d at 445.

Petitioner is entitled the enforcement of his state plea agreement. "[D]ue process rights conferred by the federal constitution allow [a defendant] to enforce the terms of

[his] plea agreement." *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The state court failed to enforce Petitioner's plea when it failed to rule upon his motion that he be transported to federal custody. (Doc. 17-1, Ex. R, at 82.) Respondents agree Petitioner's motion has not been ruled upon. (Doc. 17 at 3.) Petitioner is entitled to have the state court enforce his sentence. The question before the Court is whether the trial court's refusal to specifically enforce the terms of Petitioner's plea agreement was contrary to, or an unreasonable application of Supreme Court authority, or was based upon an unreasonable determination of the facts in violation of Petitioner's due process rights.

The Court determines that the trial court's failure to enforce its own plea is an unreasonable application of clearly established federal law. *See Davis v. Woodford*, 446 F.3d 957, 962 (9th Cir. 2006) (holding that a denial of petitioner's *Santobello* claim involved an unreasonable application of clearly established Supreme Court precedent "within the meaning of 28 U.S.C. § 2254(d)(1)"); *Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir. 2006) (en banc) (ordering specific performance of state plea bargain).

The Court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Pursuant to 28 U.S.C. § 2243, federal courts are authorized to dispose of habeas corpus matters "as law and justice require." "Conceptually, any habeas remedy 'should put the defendant back in the position he would have been in if the [constitutional] violation never occurred.'" *Nunes v. Mueller*, 350 F.3d 1045, 1056–57 (9th Cir. 2003) (quoting *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994)).  An adequate remedy "must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Lafler v. Cooper*, 132 S.Ct. 1376, 1388–89 (2012) (quoting *United States v. Morrison*, 409 U.S. 361, 365 (1981)).

Accordingly, Petitioner is entitled to habeas corpus relief on this claim, but only to cure the violation. This will place Petitioner back in the position he would have been absent the error and abides by the mandate in *Lafler* not to create a windfall for either party and not squander the resources of the State.

### B.  Ground Two – Ineffective Assistance of Counsel

In Ground Two, Petitioner alleges ineffective assistance of counsel when his attorney failed to ensure that Petitioner would be immediately transferred to federal custody to begin serving his concurrent sentences. (Doc. 13 at 6.) Claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. *Id.* at 687–88. Under the mandate of *Strickland*, Petitioner's trial counsel is subject to a presumption of competency. *Strickland*, 466 U.S. at 689. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington*, 131 S.Ct. at 787 (2011) (quoting *Strickland*, 466 U.S. at 688). Petitioner also bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. *See Turner v. Calderon*, 281 F.3d 851, 878 (9th Cir. 2002).

Here, Petitioner has not established that counsel's representation fell below an objective standard of reasonableness. The record is devoid of information regarding counsel's conduct after the sentencing in this matter. Counsel obtained a favorable plea for Petitioner. Counsel ensured the trial court order that the state sentence run concurrently with Petitioner's federal sentence. The Court does not know when counsel withdrew from the case, and what actions were taken by counsel after sentencing. Petitioner has not satisfied his burden regarding Ground Two.

### IV.  Remedy

The Court concurs with Petitioner's and Respondents' request that Petitioner's

trial court sentence be vacated except for 290 days of credit for time served. The District Court has the authority to order such a remedy. *See also, Styers v. Schriro*, 547 F.3d 1026, 1034–35 (9th Cir. 2008) (remanding with instructions to grant a writ with respect to defendant's sentence). As Respondents correctly state, if the Court vacated Petitioner's entire sentence, then Petitioner would receive all of his time served as credit against his federal case. Petitioner would receive a windfall. If the Court vacated the sentence and granted Petitioner 505 days of credit for time served, then all of those days would be calculated against his state sentence and he would receive no credit for his state custody. As Respondents request, the "solution, then, is to give Petitioner the difference between his state and federal time-served. That difference is 290 days (505-215=290). This ensures that Petitioner will receive the credit for time-served that he deserves under both sentences while preventing him from receiving a shorter sentence than he bargained for." (Doc. 17 at 8-9, fn. 1.)[2]

Respondents assert that upon transfer to federal custody, the Federal Bureau of Prisons should give Petitioner credit for his time served in state custody. (Doc. 17 at 9.) Respondents will support this request. (*Id*.)

Based on its review of Petitioner's claims, as set forth above, the Court finds that an evidentiary hearing is not warranted.

Respondents request the Court retain jurisdiction over this matter until Petitioner has received credit against his federal sentence. (Doc. 17 at 10.) The Court recommends that jurisdiction be extended for a period of six months to allow the parties time to remedy Petitioner's prejudice. This is sufficient time to ensure the state sentence is amended, and Petitioner is transferred. Any issues regarding Petitioner's calculation of federal credit is matter for the Eastern District of Kentucky.

## CONCLUSION

Based on the above analysis, the Court recommends that Petitioner's sentence in

---

[2] The Court again acknowledges Respondents' fairness in seeking a just resolution in this matter.

Count One of CR 2012-147441-001 SE (Aggravated Assault, a Class 3 Dangerous Felony) be amended to 290 days of imprisonment with 290 days of credit for time served. The Court may order this amendment even though that sentence is lower than Arizona law provides. *See Buckley*, 441 F.3d at 699–700 (ordering reduction of a habeas corpus petitioner's prison sentence to 15 years, the term the state agreed to recommend, even though California law does not permit such a sentence for the offense).

**IT IS THEREFORE RECOMMENDED** that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 13) be **GRANTED** as to Ground One (amending Petitioner's sentence in CR 2012-147441-001 SE (Aggravated Assault, a Class 3 Dangerous Felony) to 290 days of imprisonment with 290 days of credit for time served).

**IT IS FURTHER RECOMMENDED** that Ground Two of the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 13) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Court order the State of Arizona to transfer Petitioner to federal custody for Petitioner to begin serving his five-year sentence in 12-CR-20-DLB-2 (Eastern District of Kentucky).

**IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction over this matter for six months, absent further request of the parties.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right with regard to Ground Two.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of December, 2015.

Honorable John Z. Boyle
United States Magistrate Judge